(89 South. 836)

## FRAZIER v. STATE. (4 Div. 676.)

(Court of Appeals of Alabama. June 21, 1921.)

**Intoxicating liquors ⬤═137—Not an offense to have manufacturing apparatus on premises prior to June, 1919.**

Since Act Jan. 25, 1919 (Acts 1919, p. 6), making it an offense to permit or allow a still or apparatus for the making of liquors on the premises, related to others than the owner, it was not an offense on June 11, 1919, for an owner to have a still on his premises; the statute making this an offense not being passed until September 30, 1919 (Acts 1919, p. 1086).

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Preston Frazier was convicted of violating the prohibition law, and he appealed. Reversed and rendered.

A. R. Powell, of Andalusia, for appellant.

Counsel insist that the affirmative charge for the defendant should have been given, and that therefore the court erred in giving the affirmative charge for the plaintiff, but he cites no authority in support thereof.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. On the trial of this cause all counts in the indictment except count 8 were eliminated. This count is as follows:

"The grand jury of said county further charge that before the finding of this indictment Preston Frazier did have, possess, or locate on his premises an apparatus, plant, or structure for the distilling or manufacturing of prohibited liquors or beverages, contrary to law."

And as to this count the court gave at the request of the state the general affirmative charge.

There is no doubt from the evidence in this case that the state under the evidence would be entitled to the general affirmative charge if on June 11, 1919, it was a violation of law for a person to possess a still. But is this so? Section 9 of the act of the Legislature approved January 25, 1919 (Acts 1919, p. 6), provides:

"It shall be unlawful for any person, firm or corporation to permit or allow any one to have, possess, operate or locate on his premises any apparatus," etc.—

The act itself by its title, in addition to the general subject, "to further suppress the evils of intemperance," would indicate its purpose was to apply the manufacture and sale of liquor, and in furtherance of

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this purpose, and to prevent as far as possible the harboring of persons engaged in violating the prohibition law, section 9 was enacted and applies to persons who allow another to have, possess, operate, or locate on the premises of the owner thereof a still, etc. Section 9, supra, did not make it unlawful for the owner of the premises to own or possess a still, and the fact that the same Legislature, at a later day of the session, on September 30, 1919 (Acts 1919, p. 1086), passed a statute covering this identical subject, strengthens us in the view that at the time testified to in this case, to wit, June 11, 1919, there was no law prohibiting the possession of a distilling outfit.

The judgment is reversed, and the defendant is discharged.

Reversed and rendered.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes